# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF FLORIDA
### (Panama City Division)

| | |
|---|---|
| RED MOUNTAIN BANK, N. A., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 5:10-cv-100 |
| EMERALD COAST CAR WASH, LLC, | ) |
| LEE A. SAGE and ROBERT PARKS, | ) |
| and UNKNOWN PERSON OR | ) |
| ENTITY IN POSSESSION OF 22431 | ) |
| PANAMA CITY BEACH PARKWAY, | ) |
| Defendants. | ) |

## FINAL JUDGMENT OF FORECLOSURE

Before me is the Order to Show Cause Why Final Judgment of Foreclosure Should Not Be Entered (Doc. 13).

IT IS ORDERED:

1. I have jurisdiction over the parties and the subject matter.

2. Plaintiff, *ore tenus*, withdrew its Motion for Appointment of Special Master.

3. A hearing was held on July 8, 2010, on the Order to Show Cause Why Final Judgment of Foreclosure Should Not Be Entered. The following parties appeared: Red Mountain Bank, N.A., Emerald Coast Car Wash, LLC, Lee A. Sage and Robert Parks. Defendant, Unknown Person or Entity in Possession of 22431 Panama City Beach Parkway was dismissed from this action.

4. Defendants were served with the Court's Order to Show Cause Why Final Judgment of Foreclosure Should Not Be Entered within the time required by law and did not file

verified defenses to Plaintiff's Complaint and failed to show cause why final judgment of foreclosure should not be entered.

5. Plaintiff, RED MOUNTAIN BANK, N.A., is due $2,019,821.88 as principal and $127,834.70 as interest through July 7, 2010, late charges of $12,462.07 making a total sum of $2,160,118.65 which amount shall bear interest at the post-judgment interest rate defined by 28 U.S.C. § 1961 from the date of this judgment until paid.

6. Plaintiff holds a lien for the total sum superior to all claims or estates of Defendants on the following described real and personal property located in Bay County, Florida:

DESCRIPTION OF LOT 2:
COMMENCE AT THE NORTHEAST CORNER OF LOT 2, BLOCK D, SOUTHFIELDS SECTION 2, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 14, PAGE 110, IN THE PUBLIC RECORDS OF BAY COUNTY, FLORIDA; THENCE NORTH 88°38'20" WEST ALONG THE NORTH LINE OF SAID BLOCK D FOR 801.97 FEET TO THE NORTHWEST CORNER OF LOT 16, SAID BLOCK D; THENCE SOUTH 01°55'45" WEST ALONG THE WEST LINE OF SAID LOT 16 FOR 39.38 FEET TO THE NORTHEAST CORNER OF LOT 9, BLOCK B, SOUTHFIELDS SECTION ONE, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 13, PAGE 61, IN THE PUBLIC RECORDS OF BAY COUNTY, FLORIDA; THENCE NORTH 88°01'54" WEST ALONG SAID NORTH LINE OF LOT 9 FOR 136.90 FEET TO THE NORTHWEST CORNER OF SAID LOT 9; THENCE NORTH 01°29'38" EAST ALONG THE EAST RIGHT OF WAY LINE OF MEMORY LANE FOR 13.70 FEET; THENCE NORTH 88°25'38" WEST FOR 59.77 FEET TO THE NORTHEAST CORNER OF LOT 13, BLOCK A, SAID SOUTHFIELDS SECTION ONE; THENCE NORTH 88°08'49" WEST ALONG THE NORTH LINE OF SAID LOT 13 FOR 140.12 FEET TO THE NORTHWEST CORNER OF SAID LOT 13; THENCE NORTH 01°08'13" EAST ALONG THE EAST LINE OF INLET BEACH HEIGHTS, ACCORDING TO THE PLAT RECORDED IN PLAT BOOK 88, PAGE 8, IN THE PUBLIC RECORDS OF BAY COUNTY, FLORIDA FOR 470.67 FEET TO THE SOUTH RIGHT OF WAY LINE OF STATE ROAD NO. 30-A (216 FOOT RIGHT OF WAY); THENCE SOUTH 78°21'46" EAST ALONG SAID RIGHT OF WAY LINE FOR 142.16 FEET TO THE POINT OF BEGINNING; THENCE CONTINUE SOUTH 78°21'46" EAST ALONG SAID SOUTH RIGHT OF WAY LINE FOR 140.01 FEET; THENCE SOUTH 00°41'01" WEST FOR 212.17 FEET; THENCE NORTH 88°51'41" WEST FOR 28.94 FEET; THENCE SOUTH 01°08'19" WEST FOR 30.00 FEET; THENCE NORTH 88°51'41" WEST FOR 89.19 FEET TO THE BEGINNING OF A CURVE CONCAVE TO THE NORTHEAST HAVING A RADIUS OF 23.50 FEET; THENCE NORTHWESTERLY ALONG SAID CURVE FOR AN ARC DISTANCE OF 26.46 FEET; THE CHORD OF SAID ARC BEARING NORTH 56°36'22" WEST FOR 25.08 FEET; THENCE NORTH 01°08'13" EAST FOR 254.29 FEET TO THE POINT OF BEGINNING.
THE ABOVE DESCRIBED PROPERTY NOW KNOWN AS LOT 2, OF FLORIDA LANE COMMERCIAL SUBDIVISION ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 24, PAGE 15 IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF BAY COUNTY, FLORIDA.

TOGETHER WITH EASEMENT RIGHT OVER THOSE CERTAIN EASEMENTS WITHIN THAT CERTAIN EASEMENT AGREEMENT RECORDED IN OFFICIAL RECORDS BOOK 2887, PAGE 57, AND AMENDED IN THAT CERTAIN FIRST AMENDMENT TO EASEMENT AGREEMENT RECORDED IN OFFICIAL RECORDS BOOK 2978, PAGE 2133, AND AMENDED IN THAT CERTAIN SECOND AMENDMENT TO EASEMENT AGREEMENT RECORDED IN OFFICIAL RECORDS BOOK 3010, PAGE 1766 OF THE PUBLIC RECORDS OF BAY COUNTY, FLORIDA.

7. If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid prior to the commencement of the sale by the United States Marshal ("the Marshal"), the Marshal is ordered and directed to sell the property at public sale.

8. Pursuant to Fed. R. Civ. P. 69, the procedures for sale shall be in accordance with the practice and procedure in the State of Florida as provided in Chapter 45, Florida Statutes (2009) except that title shall vest in the purchaser pursuant to a United States Marshal's Deed issued after confirmation of any sale by this Court.

9. The Marshal shall advertise the sale of the subject property in accordance with 28 U.S.C. §§ 2001-2002, and after giving proper notice, conduct the sale of the property at the front door of the Bay County Courthouse at Panama City, Florida.

10. Plaintiff is authorized to bid at the sale and any bid by the Plaintiff shall be credited against the indebtedness due the Plaintiff. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if Plaintiff is not the purchaser of the property at the sale in accordance with the Order Confirming Sale. If Plaintiff is the purchaser at the sale, the Marshal shall credit Plaintiff's bid with the total sum of this judgment with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full. If a third party is the purchaser at the sale, 5% of the bid price by certified check shall be paid at the time of the sale with the balance to be paid by certified check to the Marshal within 24 hours after the sale.

11. Upon sale being made, and if there are no objections to the sale within ten (10) days, then the Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation. The Marshal shall file the report of sale with the Court no later than fifteen (15) days after the sale. Upon the sale being made, the Marshal shall retain the proceeds thereof until Order Confirming Sale is entered by the Court.

12. Upon the sale being made of the property and confirmed by this Court, the Court shall direct the Marshal to execute a United States Marshal's Deed to the property. At said time, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

13. The Marshal shall distribute the proceeds of the sale in accordance with the Order Confirming the Sale.

14. On the order confirming sale, the Marshal will execute and deliver the United States Marshal's Deed to the purchaser at the sale. Plaintiff shall prepare the United States Marshal's Deed. The purchaser at the sale shall pay for and be responsible for affixing to the United States Marshal's Deed any documentary stamps or taxes imposed upon the recordation of the deed.

15. If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the United States Marshal no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the United States Marshal within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the clerk has in the registry of the court.

16. If you decide to sell your property or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact Northwest Florida Legal Services, Inc. at (850) 432-2336 to

see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact Legal Services of North Florida, Inc. for assistance, you should do so as soon as possible after receipt of this notice.

17. At any time before the filing of the Marshal's Report of Sale, Defendants may cure the indebtedness adjudicated due herein and prevent a foreclosure sale by paying the amount of monies specified in this judgment, plus the reasonable expenses of proceeding to foreclosure incurred to the time of the tender, including reasonable attorneys' fees of the Plaintiff. Otherwise, there is no right of redemption.

18. The Court reserves jurisdiction over the parties to adjudicate any liability relative to Counts III through V of Plaintiff's Verified Complaint and to make such further orders as may be appropriate, including, but not limited to, an order for the issuance of a writ of assistance should repossession be contested and an order for deficiency judgments.

19. Plaintiff's Address: Red Mountain Bank, N.A., 5 Inverness Center Parkway, Birmingham, AL 35242.

ORDERED on July 21, 2010.

/S/Richard Smoak_____
RICHARD SMOAK
UNITED STATES DISTRICT JUDGE